Ex parte JAMES MONROE BROWN.

No. A-10259.   Sept. 23, 1942.
(129 P. 2d 608.)

A. L. Battenfield, of Pryor, for plaintiff.

Mac Q. Williamson, Atty. Gen. and Sam. H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.   Petitioner, James Monroe Brown, filed in this court his petition for a writ of habeas corpus alleging that he is "unlawfully restrained and imprisoned in the State Penitentiary at McAlester"; that the cause of said imprisonment is by reason of a judgment and sentence entered in the district court of Mayes county on the 10th of March, 1941.   A certified copy of the judgment and sentence is attached to the petition.

Petitioner contends that the judgment and sentence is "false, untrue and absolutely void" for the reason that the judgment and sentence was not passed upon him on the 10th day of March, 1941; that he was not in Mayes county on that date and was not in the state of Oklahoma, but that he was in the State of Washington and in the United States Army at Fort Lewis; that petitioner left the State of Oklahoma in the year 1940 and went to the State of California and was not in the State of Oklahoma until

he was returned by a deputy sheriff of Mayes county in the month of May, 1941, when he was taken straight to the State Penitentiary of Oklahoma from Fort Lewis, Wash.

To this petition a response has been filed by the Attorney General on behalf of the Honorable Fred Hunt, warden of the State Penitentiary, in which it is alleged:

"Respondent alleges and states that the said petitioner was duly charged, tried and convicted in the District Court of Mayes County, Oklahoma, at the July term of court 1939 in cause No. 1102 and pending in said court. That the said defendant filed a motion for a new trial, which was duly heard and overruled on the 3rd day of July, 1939, at which time the defendant was present together with counsel in open court, and was thereupon sentenced to serve a term of four and one-half years in the Oklahoma State Penitentiary. That defendant gave notice of intention to appeal from said conviction, and was granted sixty days in which to make and serve case-made, and appeal bond fixed at $1,000.00. That said bond was given and approved on the 26th of July, 1939, and defendant released from custody. All of which facts are shown by duly certified copies of the minutes of said district court, appeal bond and judgment and sentence hereto attached.

"Respondent further alleges that petitioner herein did not perfect his appeal from conviction, but departed from the State of Oklahoma and became a fugitive from justice. That he was not apprehended until May, 1941, at which time he was arrested pursuant to said sentence and delivered to said state penitentiary where he is now held to serve said term of four and one-half years. That the clerk in making out the commitment, upon which the defendant was transported by the Sheriff and delivered to said state penitentiary, through a mistake wrote in the wrong dates, and made said commitment to recite that the defendant had been sentenced on the 10th of March, 1941, defendant having in fact been sentenced on July 3, 1939, as above set forth."

Attached to this response is a copy of the original judgment entered in the district court of Mayes county on the 3rd day of July, 1939, and a certified copy of the supersedeas bond filed by the defendant at the time of entering his appeal.

No reply has been made by petitioner to the response of the warden. No evidence has been taken.

It seems to us that a reading of the petition and response is a sufficient answer to the petition filed. Certainly if this defendant failed to perfect his appeal to this court in the manner provided by law, and absented himself from the state, he was subject to arrest and confinement in the penitentiary of this state in order to satisfy the judgment and sentence that had been rendered against him in Mayes county on July 3, 1939. We can see no reason why, under the facts and circumstances, he should not have been taken direct to the State Penitentiary for the service of the sentence of which he had been convicted. The mere fact that the court clerk made a clerical mistake as to the date when he was sentenced should not permit the release of petitioner by habeas corpus. It is the judgment of the court that the petition for habeas corpus should be denied, and it is so ordered.

DOYLE and JONES, JJ., concur.